**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**ROBERT PHILPOTT**
**ADC# 111495**                                                                                          **PLAINTIFF**

**v.**                                          **Case No. 4:25-cv-00122-KGB**

**ARKANSAS DEPARTMENT**
**OF CORRECTION,** *et al.*                                                                    **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendations ("Recommendations") submitted by United States Magistrate Judge Jerome T. Kearney (Dkt. No. 3). Plaintiff Robert Philpott has filed objections to the Recommendations (Dkt. No. 4). After careful consideration of the Recommendations, the objections, and a *de novo* review of the record, the Court concludes that the Recommendations should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects (Dkt. No. 3).

The Court writes separately to address Mr. Philpott's objections (Dkt. No. 5). Mr. Philpott is currently confined in the Grimes Unit of the Arkansas Division of Correction and filed this action *pro se* pursuant to 42 U.S.C. § 1983 (Dkt. No. 2.). Mr. Philpott also filed a motion to proceed *in forma pauperis* (Dkt. No. 1). Although Mr. Philpott makes a showing required by 28 U.S.C. § 1915(a), Judge Kearney recommends denying his motion because Mr. Philpott is a "three striker" under the Prison Litigation Reform Act ("PLRA"), and he has not established imminent danger (Dkt. No. 3, at 1).

Under the three-strikes provision of the Prisoner Litigation Reform Act ("PLRA"), the Court must dismiss a prisoner's *in forma pauperis* action at any time if it determines that a prisoner has "on 3 or more prior occasions," while detained, "brought an action or appeal in a court of the

United States" that was dismissed, "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Mr. Philpott has garnered at least three strikes. *See Philpott v. United States of America, et al.*, Case No. 2:08-cv-02131-RTD (W.D. Ark.) (dismissed April 28, 2009, as frivolous) (no appeal filed); *Philpott v. United States of America, et al.*, Case No. 2:08-cv-02004-RTD (W.D. Ark.) (dismissed May 14, 2008, as frivolous and for failure to state a claim) (no appeal filed); and *Philpott v. Ralston, et al.*, Case No. 2:12-cv-02206-PKH (W.D. Ark.) (dismissed Aug. 20, 2013, for failure to state a claim) (no appeal filed); *Philpott v. State of Arkansas*, Case No. 5:07-cv-00161-JLH (dismissed July 10, 2007, for failure to state a claim) (appeal dismissed Oct. 2, 2007 for failure to prosecute).

The record does not indicate that Mr. Philpott was in imminent danger of serious physical injury at the time he filed his complaint. 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("[A]n otherwise ineligible prisoner is only eligible to proceed IFP if he is in imminent danger *at the time of filing.*" (emphasis in original)). The allegations in in his complaint allege that Mr. Philpott was written up for a false disciplinary for breaking the shower and causing damage in the amount of $172.50. He seeks to have his parole reinstated, for defendants to pay the filing fee for this action, and for $172.50 in damage to the shower, among other relief (Dkt. No. 2).

In his objections, Mr. Philpott states that he has standing to challenge the constitutionality of the "three strikes" provision. However, Mr. Philpott is not challenging the constitutionality of the "three strikes" provision in his complaint, and, if he were, the Eighth Circuit Court of Appeals has held that § 1915(g) is constitutional. *See Higgins v. Carpenter,* 258 F.3d 797, 800 (8th Cir. 2001) (per curiam) (determining that the rational basis test applies, and that § 1915(g) is rationally related to a legitimate government interest; inmates do not have a constitutional right to pay court

fees for civil cases by the installment method).  Mr. Philpott also asserts that he is being denied access to the courts.  However, this argument has also been rejected by the Eighth Circuit Court of Appeals.  *Id*. ("Even when § 1915(g) is applied, the affected inmate can file his suit by paying the full filing fee up front. . . . We conclude that an inmate's right of access to the courts, as that right is defined in *Lewis v. Casey,* is not impeded.") (citations omitted).

For all of these reasons, the Court adopts the Recommendations in their entirety as this Court's findings in all respects (Dkt. No. 3).

It is therefore ordered that:

1.    Mr. Philpott's motion for leave to proceed *in forma pauperis* is denied (Dkt. No. 1).

2.    Mr. Philpott's complaint is dismissed without prejudice (Dkt. No. 2);

3.    If Mr. Philpott wishes to continue this case, he may do so by submitting the statutory filing fee of $405.00 to the Clerk, noting the above styled case number, and filing a motion to reopen his case.  Upon receipt of the motion and full payment of the filing fee, his case will be reopened.

4.    The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

So ordered, this 15th day of June, 2026.

_Kristine G. Baker_
Kristine G. Baker
Chief United States District Judge

3